a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BEN WILLIAM MEAUX, Plaintiff | CIVIL DOCKET NO. 1:19-CV-1014-P |
| VERSUS | JUDGE DRELL |
| LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a is a civil rights Complaint (Doc. 1) under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Ben Meaux ("Meaux"). Meaux is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Meaux alleges that he was subjected to second-hand smoke at RLCC, resulting in a physical injury. Meaux names as Defendants DOC Secretary James LeBlanc, RLCC Warden W. S. McCain, RLCC Mental Health Director Shelly Desselle, and the DOC. (Doc. 1, p. 3).

Because Meaux cannot obtain monetary damages or injunctive relief from the DOC, cannot recover monetary damages from James LeBlanc in his official capacity, and fails to state a claim against Shelly Desselle, these claims should be DENIED and DISMISSED WITH PREJUDICE.

I.   Background

Meaux alleges that, although Defendant LeBlanc implemented a regulation prohibiting the smoking of tobacco products in state institutions, inmates continue to

smoke at RLCC. Specifically, Meaux alleges that inmates dry out smokeless tobacco in a microwave and roll it in Bible pages for smoking. (Doc. 1, p. 3). Meaux alleges that Defendant LeBlanc made a comment about the smell of smoke when he was touring RLCC, but did nothing to address the problem. (Doc. 1, p. 3).

Meaux alleges that Defendant Desselle, as Mental Health Director and Americans with Disabilities Site Coordinator, was "required to implement a smoking cessation program to assist offenders in quitting the smoking of cigarettes, as well as a program to warn offenders of the horrors and dangers of smoking." (Doc. 1, p. 3). Meaux complains that Defendant Desselle only provided a "phony flier stating that 'Smoking smokeless tobacco will kill you.'" (Doc. 1, p. 3).

Meaux alleges that he has developed "breathing issues" from the secondhand smoke, necessitating prescription medication, including an inhaler. (Doc. 1, p. 3; Doc. 5-2, p. 2).

II.  Law and Analysis

    A.  Meaux's Complaints are subject to screening under 28 U.S.C. § 1915A.

28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003). Section 1915A(b) also provides for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be

granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. Meaux cannot recover monetary damages from the DOC or Defendant LeBlanc in his official capacity.

The Eleventh Amendment to the United States Constitution prohibits the filing of a lawsuit in federal court seeking monetary damages against a state, its agencies, or persons acting as official representatives thereof. Therefore, Meaux cannot recover damages from the DOC or Defendant LeBlanc in his official capacity. See Hafer v. Melo, 502 U.S. 21 (1991) (suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is barred by the Eleventh Amendment).

### C. Meaux cannot obtain injunctive relief against the DOC.

To the extent Meaux seeks injunctive relief from the DOC, his claim fails. Prospective injunctive relief cannot be pursued directly against the State in federal court. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100–101 (1983) (Eleventh Amendment bars all suits, whether for injunctive, declaratory, or monetary relief, against a non-consenting state and its departments); Saltz v. Tenn. Dep't of Employment Sec., 976 F.2d 966, 968 (5th Cir. 1992).

### D. Meaux fails to allege the violation of his constitutional rights by Defendant Desselle.

A prison official violates the Eighth Amendment only when: (1) the deprivation alleged is, objectively, sufficiently serious and the prison official's act or omission results in the denial of the minimum civilized measure of life's necessities; and (2)

the prison official has a sufficiently culpable state of mind–deliberate indifference to a prisoner's constitutional rights. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). The Supreme Court defined "deliberate indifference" as "subjective recklessness," or a conscious disregard of a substantial risk of serious harm. Id. at 839.

Meaux does not allege deliberate indifference by Defendant Desselle. He complains about the quality of information she provided to other inmates about the dangers of smoking, but Meaux does not provide allegations amounting to a "conscious disregard" by Defendant Desselle.

### III. Conclusion

Because Meaux cannot obtain monetary damages or injunctive relief from the DOC, cannot recover monetary damages from James LeBlanc in his official capacity, and fails to state a claim against Defendant Desselle, IT IS RECOMMENDED that all claims against the DOC and Defendant Desselle, and the claim for monetary damages against James LeBlanc in his official capacity, be DENIED and DISMISSED WITH PREJUDICE under § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed,

unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 2nd day of October 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE