a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BEN WILLIAM MEAUX #573291, Plaintiff | CIVIL DOCKET NO. 1:19-CV-01014 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| LA DEPT OF PUBLIC SAFETY & CORRECTIONS ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 25) filed by the Defendants Warden Marcus Meyers ("Meyers") and James LeBlanc ("LeBlanc"). Defendants assert that the claims by pro se Plaintiff Ben Meaux ("Meaux") against Meyers in his official capacity should be dismissed, and that the remaining claims against LeBlanc should be dismissed.

The Motion to Dismiss (ECF No. 25) should be GRANTED IN PART to the extent that Meaux is barred from suing Meyers for monetary damages in his official capacity, and DENIED IN PART as to the individual capacity claim against LeBlanc.

I. **Background**

Meaux is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. ECF No. 1. Meaux filed a pro se civil rights Complaint under 42 U.S.C. §1983. *Id.* Meaux alleges that Defendants failed to eliminate

environmental tobacco smoke ("ETS") from RLCC, despite a regulation prohibiting smoking. *Id.*

Meaux alleges that RLCC inmates convert smokeless tobacco into a smokable form by drying it out in the microwave and rolling it in Bible pages. ECF No. 1 at 3. Meaux alleges that Defendant LeBlanc was informed of the problem and even made a comment about the smell of smoke when he was touring RLCC. ECF No. 1 at 3. Nonetheless, LeBlanc allegedly did nothing to address the ETS. *Id.*

Meaux alleges that he has developed "breathing issues" from the smoke, necessitating prescription medication, including an inhaler. ECF No. 1 at 3; ECF No. 5-2 at 2.

The Court dismissed Meaux's claim for monetary damages against LeBlanc in his official capacity.[1] ECF No. 11. Thereafter, Meaux amended his Complaint to name Warden Meyers as a Defendant in his official capacity. ECF No. 19.

## II. Law and Analysis

### A. Meaux's claim against Warden Meyers for monetary damages is barred by the Eleventh Amendment.

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires a court to dismiss a claim over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Lack of subject-matter jurisdiction may be found in: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed

---

[1] Meaux originally named the DOC, LeBlanc, Warden McCain, and Shelly Desselle as Defendants. ECF No. 1. All claims against McCain, Desselle, and the DOC have been dismissed. ECF No. 11, 20.

2

facts." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

A suit against a state official in his official capacity is considered a suit against the state itself. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991)). The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived immunity. *See Cozzo v. Tangipahoa Parish Council–President Government*, 279 F.3d 273, 280 (5th Cir. 2002). The state of Louisiana has statutorily refused any waiver of Eleventh Amendment sovereign immunity in federal court. La. Rev. Stat. Ann. § 13:5106(A).

However, a claim for prospective injunctive or declaratory relief asserted against a state official in an official capacity is not prohibited under the Eleventh Amendment, because such a claim is not treated as a claim against the State. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 n.10 (1989).

Thus, Meaux's claim for monetary damages against Warden Meyers in his official capacity is barred by the Eleventh Amendment, but not any injunctive or declaratory claims.

B. <u>Meyers has stated a plausible claim against LeBlanc</u>.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

3

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 55) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'").

To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (citation omitted). A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant. *Iqbal*, 556 U.S. at 679.

*Pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, the pro se litigant must still set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

Meaux was granted an extension of time within which to file an opposition to the Motion to Dismiss (ECF #29), but he failed to file an opposition memorandum. Nonetheless, the Court must still take the allegations in the Complaint as true at the pleading stage. *Glenewinkel v. Carvajal*, 3:20-CV-2256, 2022 WL 179599, at *6 (N.D.

4

Tex. 2022) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)); *Nevers v. United States Dep't of Justice*, 21-CV-1064, 2022 WL 278927, at *3 (E.D. La. 2022). And the Court should not dismiss a complaint with prejudice merely because it is unopposed. *See Nevers*, 2022 WL 278927, at *3 (citing *Webb v. Morella*, 457 F. App'x 448 (5th Cir. 2012); *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980) (overturning district court's decision granting defendants' motion to dismiss with prejudice because the motion was unopposed)). Especially when considering a dispositive motion, "trial courts should proceed cautiously. . . ." *See Adams v. F.A.A.*, 9:95-CV-103, 1995 WL 553630, at *1 (E.D. Tex. 1995) (citing, *e.g., Ramsey*, 631 F.2d at 1214 (Rule 12(b)(6) motion); *Boazman v. Economics Lab., Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976) (Rules 12(b)(1) and 12(b)(6) motions)).

Meaux's claim for monetary damages from LeBlanc in his official capacity has already been dismissed. ECF No. 11. Thus, Meaux must allege personal involvement by LeBlanc to state a claim for damages. Defendants point out that the Court has recognized in another case that Secretary LeBlanc does not supervise or control the day-to-day operations and employees of RLCC. ECF No. 25-1 at 3 (citing *Gipson v. LeBlanc, et al.*, 1:17-CV-1394 (ECF Nos. 1, 13)). However, there were no allegations of personal involvement by LeBlanc in *Gipson* or other similar cases. *See Gipson* 1:17-CV-1394; *Jiles v. McCain, et al.*, 1:20-CV-282 (ECF Nos. 1 at 3-6, 27); *Dardar v. LeBlanc, et al.*, 1:21-CV-2284 (ECF Nos. 1, 5).

In this Complaint, Meaux alleges that LeBlanc personally toured RLCC, where he experienced and commented on the smell of ETS. ECF No. 1 at 3. Meaux also

5

alleges that LeBlanc has been contacted about the warden's failure to enforce the smoking ban. *Id.*

Taking these allegations as true, Meaux has stated a plausible claim that LeBlanc knew he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *See Black v. Concordia Par. Det. Ctr.*, 607 F. App'x 440, 441 (5th Cir. 2015) (per curiam) (reversing 12(b) dismissal of ETS claim as to Secretary LeBlanc where "the record reflects that Black filed administrative complaints" that were "denied by Leblanc or Leblanc's designee," so the plaintiff "has stated a plausible claim that . . . Leblanc knew he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it") (citing *Rochon v. City of Angola*, 122 F.3d 319, 320 (5th Cir.1997)).

## III. Conclusion

Because Meaux is barred from suing Meyers for monetary damages in his official capacity and states a plausible claim against LeBlanc, IT IS RECOMMENDED that the Motion to Dismiss (ECF No. 25) be GRANTED IN PART as to the claim for monetary damages against Meyers and DENIED IN PART as to the individual capacity claim against LeBlanc.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, February 22, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE